UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

FILED
CLERK, U.S. DISTRICT COURT
MAY 3, 2019
CENTRAL DISTRICT OF CALIFORNIA
BY: BH DEPUTY

Luis Carranza et al.,

    Plaintiff,

v.

Greyhound Lines, Inc. et al.,

    Defendant.

2:18-cv-05538 VAP (MAAx)

### Order GRANTING Plaintiffs' Motion for Remand (Doc. No. 28.)

On April 8, 2019, Plaintiffs Luis Carranza, Cesar Chavez, Luis Nunez, Michael Orozco, Justin Tombar, Kevin Keenan, Gil Cardinez, Juan Moremo, and Antonio Gutierrez (collectively, "Plaintiffs") filed their Motion to Remand ("Motion") the instant action to the Los Angeles County Superior Court ("Superior Court"). (Doc. No. 28.) Defendants Greyhound Lines, Inc., First Transit, Inc. and FirstGroup America, Inc. (collectively, "Defendants") filed an Opposition to Plaintiff's Motion on April 15, 2019, (Doc. No. 29), and Plaintiffs filed a Reply on April 18, 2019. (Doc. No. 30).

After consideration of the papers filed in support of, and in opposition to, the Motion, the Court GRANTS the Motion to Remand. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7–15, the court finds this matter appropriate for decision without oral argument and VACATES the hearing calendared for May 6, 2019.

1

# I. BACKGROUND

Plaintiffs first filed this case in Los Angeles Superior Court on May 11, 2018, bringing claims of (1) wage and hour violations; (2) rest break violations; (3) meal break violations; (4) wage statement penalties; (5) waiting time penalties; and (6) unfair competition. (Doc. No. 5-2 at 6.) Defendants removed the case to federal court on June 21, 2018, (Doc. No. 1), and filed a notice of related case for *Bazan et al v. Greyhound Lines Inc., et al.*, No. 2:18-cv-09378-VAP (MAAx) ("*Bazan*"), (Doc. No. 3).[1] On March 1, 2019, Plaintiffs filed a First Amended Complaint ("FAC"). (Doc. No. 24.)

Plaintiffs now move for remand, arguing that Defendants have not properly established grounds for removal, as the amount in controversy is not met. (Doc. No. 28-1 at 5-7.)

# II.     LEGAL STANDARD

Removal jurisdiction is governed by statute. *See* 28 U.S.C. §§ 1441 *et seq.*; *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979) ("The removal jurisdiction of the federal courts is derived entirely from the statutory authorization of Congress" (citations omitted)). Defendants may remove a case to a federal court when a case originally filed in state court presents a federal question or is between citizens of different states. *See* 28 U.S.C. §§ 1441(a)-(b), 1446, 1453. Only those state court actions that originally could have been filed in federal court may be removed. 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

---

[1] On March 1, 2019, the Court remanded *Bazan* to the Los Angeles Superior Court. (*Bazan* Doc. No. 27.)

A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). If a defendant fails to meet the requisite burden of proof, a court must remand for lack of subject matter jurisdiction.

In determining the amount in controversy, the Court considers not only the facts alleged in the complaint, taken as true for purposes of calculating the amount, but also "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Singer v. State Farm Mutual Automobile Insurance Co.*, 116 F.3d 373, 377 (9th Cir. 1997). "[T]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis,* 627 F.3d at 400.

### III. DISCUSSION

"Federal courts are courts of limited jurisdiction….It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 377 (1994) (citations omitted). The Ninth Circuit has held that removal "should be construed narrowly in favor of remand to protect the jurisdiction of state courts." *Harris v. Bankers Life & Casualty Co.*, 425 F.3d 689, 698 (9th Cir.

2005).  A federal court's jurisdiction "must be rejected if there is any doubt as to the right of removal," and a "defendant always has the burden of establishing that removal is proper."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

When a complaint, as here, does not identify damages with specificity, a defendant seeking to remove the case to federal court must demonstrate that it is "more likely than not" that the amount in controversy will be satisfied.  *Sanchez v. Monumental Life Insurance Company*, 102 F.3d 398, 404 (9th Cir. 1996).  For the reasons below, the Court concludes that Defendants have not met this burden.

### A.  The Amount in Controversy

Neither the Complaint nor the First Amended Complaint specify the exact amount of damages Plaintiffs seek.  (Doc. Nos. 5-2, 24.)  Defendants' Notice of Removal calculates damages based on a theoretical full-time work schedule, (Doc. No. 5 at 8), and Defendants' Opposition similarly notes that Defendants "assume for purposes of calculating the amount in controversy that Plaintiffs worked enough hours in a day to entitle them to at least one meal period," and also "assume that some regularly worked over ten hours a day." (Doc. No. 29 at 10.)  The FAC alleges only that Plaintiffs worked more than four or five hours a day, however, (Doc. No. 24 at 3), and Plaintiffs indicate that they were part-time employees, (Doc. No. 30 at 3).  Moreover, as Defendants are in possession of Plaintiffs' work records,[2]

---

[2] Cal. Lab. Code § 1174(d) requires employers to maintain "payroll records showing the hours worked daily by and the wages paid to" their employees.

Defendants' assumptions about Plaintiffs' work hours, and thus the amount in controversy,[3] are insufficient to resolve "any doubt as to the right of removal," *Gaus*, 980 F.2d at 566.

Defendants also argues that attorneys' fees should be included in the amount in controversy, (Doc. No. 29 at 13-14), citing *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018), wherein the court observed that the amount in controversy "may" account for "attorneys' fees awarded under fee shifting statutes." The court noted, however, that the plaintiff's "prayer for past and future lost wages by itself exceeds $75,000" and undertook no analysis of the merit of including attorneys' fees when calculating in the amount in controversy. *Id.* at 417. The Ninth Circuit has also held that a "district court may reject the defendant's attempts to include future attorneys' fees in the amount in controversy if the defendant fails to satisfy" a "summary-judgment type" burden of proof. *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 795 (9th Cir. 2018).

Here, Defendants argue that the Court should adopt estimated attorneys' fees of $200,000 because other courts in other wage-and-hour cases have adopted that amount. (Doc. No. 29 at 14.) Defendants fail to

---

[3] Notably, Plaintiffs' settlement demand letter calculates Defendants' maximum exposure for the Plaintiffs in this case to be less than $40,000 per plaintiff. (Doc. No. 28-5.) *See Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 974 (9th Cir. 2007) (finding that a settlement demand letter provided sufficient notice to a defendant of a lawsuit's amount in controversy); *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) ("A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim.").

identify, however, what the attorneys in this case bill, what work is anticipated, or why this case would justify such a high cost considering the amount in controversy in this case is smaller than many other cases. Courts have found information far more specific than this to be insufficient for the purposes of including attorneys' fees in the amount in controversy. *See Conrad Associates v. Hartford Accident & Indemnity Co.*, 994 F. Supp. 1196, 1200 (N.D. Cal. 1998) (finding that a defendant failed to establish the amount in controversy by a preponderance of the evidence when including attorneys' fees without estimating "the amount of time each major task will take," or varying the hourly billing rate for each task).

As the amount in controversy is merely estimated, and as attorneys' fees are speculative, the Court finds that Defendants have not demonstrated that it is "more likely than not" that the amount in controversy is satisfied. *Sanchez*, 102 F.3d at 404.

**B. Defendants' Other Arguments Are Unavailing**

Defendants contend that the First Amended Complaint's indication that diversity jurisdiction is established by the Notice of Removal means "the Court must deny the[] Motion of Remand on this issue alone." (Doc. No. 29 at 8.) This misstates the law. "Subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625 (2002). Accordingly, the FAC's observations regarding jurisdiction cannot constitute a waiver of the right to file a Motion for Remand.

6

Defendants also argue that Plaintiffs "inaccurately" state that the removing party has the burden of showing remand is improper.  In fact, a defendant seeking to remove a case to federal court must demonstrate that it is "more likely than not" that the amount in controversy will be satisfied, *Sanchez*, 102 F.3d at 404, and "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377.  Rather than "sit[ting] silent," Plaintiffs have raised valid objections to Defendants' calculations, and the Court accordingly finds that Defendants have not met their burden to demonstrate that the amount in controversy has been satisfied.  Accordingly, the Court REMANDS this action to the Los Angeles Superior Court.

### IV. CONCLUSION

The Court therefore GRANTS Plaintiffs' Motion and REMANDS the action to the Los Angeles Superior Court.

**IT IS SO ORDERED.**

Dated: 5/3/19

Virginia A. Phillips
Chief United States District Judge